UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

CINCINNATI INSURANCE COMPANY, )
a corporation, )
)
       Plaintiff, )
)
v. ) Case no. _____
)
HARTLEY CARLTON, individually, )
and d/b/a ONE HOUR CLEANERS, )
and KAPP, INC., an Illinois Corporation, )
)
       Defendants. )

**COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF**

Plaintiff, CINCINNATI INSURANCE COMPANY ("Cincinnati"), by its undersigned attorneys and pursuant to 28 U.S.C. § 2201, seeks declaratory judgment and other relief against Defendants Hartley Carlton, individually and d/b/a One Hour Cleaners ("Carlton") and Kapp, Inc. ("Kapp"). In support thereof, Cincinnati states as follows:

**Nature of The Action**

1. This Complaint requests the Court to issue a judgment pursuant to 28 U.S.C. § 2201 declaring that the policies of insurance issued by Cincinnati to Hartley Carlton do not require Cincinnati to defend or indemnify Carlton in connection with the lawsuit brought by Kapp regarding the release of tetrachloroethene ("PERC") and trichloroethene ("TCE") into the subsurface at properties owned by Kapp and leased by Carlton. This judgment is requested to determine an actual controversy between the parties regarding insurance coverage for Carlton in connection with the underlying claim by Kapp.

## THE PARTIES

2.  Plaintiff, Cincinnati Insurance Company ("Cincinnati") is an Ohio corporation engaged in the business of insurance with its principal place of business in Cincinnati, Ohio and is authorized and licensed to and is doing business in the State of Illinois.

3.  Hartley Carlton is an individual person, and at all times relevant herein was doing business as One Hour Cleaners in Decatur, Illinois.

4.  Kapp, Inc. is an Illinois Corporation with its principal place of business in Decatur, Illinois. Kapp is a party to this action only because it may have an interest in the outcome.

### Jurisdiction and Venue

8.  This Court has subject matter jurisdiction over this dispute under 28 U.S.C. § 1332 because it arises between citizens of different states and the amount in controversy, including the combined cost of defense and indemnity at issue, exceeds the sum or value of $75,000.00 exclusive of interest and costs.

9.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(a), because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## THE POLICIES

10. Cincinnati issued a series of commercial general liability ("CGL") policies to Hartley & Sylvia Carlton, d/b/a One Hour Cleaners ("One Hour Cleaner policies").

The One Hour Policies are as follows:

| Policy No. | Dates |
|---|---|
| 0472432 | 12/1/88 - 12/1/91 |
| BPP1715671 | 12/1/91 - 12/1/94 |
| BPP1715671 | 12/1/94 - 12/1/97 |
| BPP1705671 | 12/1/97 - 12/1/00 |

11.  Cincinnati also issued a single CGL policy to Hartley & Sylvia Carlton with respect to a coin operated laundry adjacent to One Hour Cleaners, policy number 0474724 with policy dates of 3/12/89 - 3/12/92.

12.  All the Cincinnati policies contained pollutant exclusions that apply here.

## EVENTS GIVING RISE TO THE CLAIMS HEREIN

13.  On May 13, 2005, Kapp, Inc. ("Kapp") filed a three count complaint with the Illinois Pollution Control Board ("IPCB") against Hartley Carlton individually and doing business as One Hour Cleaners ("Carlton"). The case is styled Kapp, Inc. v. Hartley Carlton individually and d/b/a One Hour Cleaners, Case No. PCB 05-196 ("Kapp lawsuit").

14.  In its lawsuit, Kapp alleges that Carlton leased two properties from it and Carlton operated a dry cleaning business from 1989 to 2001 on one property and on the adjoining property a coin operated laundry from 1979 to present.

15.  Kapp further alleges that in 2000 Kapp sought to sell the property and an environmental audit of the leased properties disclosed the presence of PERC and TCE in the subsurface.

16.     According to the Kapp lawsuit, Carlton violated 415 ILCS 5/12(a) by causing or threatening or allowing the discharge of contaminants so as to cause or tend to cause water pollution; that Carlton violated 415 ILCS 5/12(d) by depositing contaminants on the land so as to create a water pollution hazard; and, that Carlton violated 415 ILCS 5/21(e) by disposing of waste at the Kapp property, a site that is not a permitted sanitary landfill.

17.     Kapp has asks the IPCB to order Carlton to pay a civil penalty of $50,000 per violation and $10,000 for each day that the violation continued, and to cease and desist from further violations.

18.     Kapp also requests that the IPCB order Carlton to "remediate any contamination remaining on Kapp's Property and property adjacent to it to levels less than the TACO Tier I Residential Site Remediation Objective Level.

19.     In the late spring/early summer of 2005, Carlton hired a consultant to begin an investigation of the site.

20.     In the fall of 2005, Carlton's consultant sent a proposed corrective action plan to the Illinois Environmental Protection Agency ("IEPA") to cleanup the release of PERC and TCE.

21.     In the fall of 2006, the IEPA approved the remedial action plan for the site.

22.     On November 7, 2007, Carlton first provided Cincinnati with notice of this claim.

23.     After completing its investigation, Cincinnati denied any obligation to defend or indemnify Carlton and verbally informed Carlton's counsel of this denial on January 11, 2008.

## COUNT I - DECLARATORY RELIEF:
### (LATE NOTICE)

24.     Cincinnati realleges and incorporates by reference paragraphs 1-23 as if fully stated herein.

25.     Cincinnati does not have a duty or obligation to defend or indemnify Carlton because it receives into first notice of the Kapp lawsuit more than 29 months after the underlying complaint was filed.

26.     Carlton was obligated to provide Cincinnati with notice of the Kapp complaint "as soon as practicable."

27.     The policy issued to Hartley and Sylvia Carlton with respect to the coin operated laundry location required "immediate" notice.

28.     Carlton actively prosecuted the Kapp lawsuit and sought to take corrective remedial actions in light of the allegations contained in the underlying complaint. Carlton failed to provide Cincinnati "immediate" notice, or "as soon as practicable."

29.     Therefore, Cincinnati does not have a duty to defend or indemnify Carlton for the claims raised in the Kapp lawsuit.

## COUNT II
## POLLUTANT EXCLUSION

30.     Cincinnati realleges and incorporates by reference paragraphs 1-29 as if fully stated herein.

31.     All of the policies at issue expressly exclude coverage for property damage and bodily injury for claims that arise out of the release of pollutants.

32.  The One Hour Cleaners policies, with the exception of Policy No. 0472432, provide:

> Section II, B. Exclusions, Exclusion f of the One Hour Cleaners policies excludes coverage for:
>
> (1) "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of pollutants:
>
> > (a) At of from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any insured;
>
> \* \* \*
>
> (2) Any loss, cost or expense arising out of any:
>
> > (a) Request, demand or order that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of pollutants; or
> >
> > (b) Claim or "suit" by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of pollutants.
>
> Pollutants means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

33.  The policy issued to Hartley and Sylvia Carlton with respect to the coin operated laundry location and the One Hour Cleaners' Policy No. 0472432 provides:

> It is agreed that the exclusion relating to the discharge, dispersal, release or escape of smoke, vapors, soot, fumes. Acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants is replaced by the following:

 (1) to bodily injury or property damage arising out of the actual, alleged, or threatened discharge, dispersal, release or escape of pollutants:

  (a) at or from premises owned rented or occupied by the named insured;

* * *

 (2) to any loss, cost or expense arising out of any governmental direction or request that the named insured test for monitor, clean up, remove, contain, treat, detoxify or neutralize pollutants.

Pollutants means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

34. Kapp alleges that Carlton allowed the discharge of PERC and TCE into the subsurface on the property that Carlton leased from Kapp.

35. As a result of this, Kapp alleges that by releasing PERC and TCE into the subsurface Carlton violated 415 ILCS 5/12 (a) by allowing the site to be contaminated; 415 ILCS 5/12(d) by depositing contaminants and failing to remove them from the subsurface; and, 415 ILCS 5/21(e) by having a waste disposal site without the proper permitting.

36. As such, exclusion f precludes coverage and Cincinnati does not have a duty or obligation to defend or indemnify Carlton for the claims alleged against him in the Kapp lawsuit.

**WHEREFORE**, the Plaintiff, CINCINNATI INSURANCE COMPANY, requests a judgment pursuant to 28 U.S.C. § 2201 against Defendants Hartley Carlton, individually and d/b/a One Hour Cleaners and Kapp, Inc., declaring the following, and requests a judgment awarding the following additional relief:

A. That Cincinnati has no obligation to defend or indemnify Hartley Carlton, individually and d/b/a One Hour Cleaners with respect to the underlying Kapp lawsuit.

B. That Cincinnati is entitled to all costs and attorneys' fees allowed by law; and

C. For other relief allowed in law and equity that the Court deems appropriate and just.

Dated: January 31, 2008

CINCINNATI INSURANCE COMPANY

By One of Its Attorneys

Daniel G. Litchfield (#06185695)
Stephanie W. Tipton (#06270738)
LITCHFIELD CAVO
303 W. Madison St., Suite 300
Chicago, IL 60606
Phone:   (312) 781-6669
Fax:     (312) 781-6630

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
CINCINNATI INSURANCE COMPANY, a corporation

(b) County of Residence of First Listed Plaintiff: Butler, OH
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Litchfield Cavo, 303 W. Madison St., Suite 300, Chicago, IL 60606
(312) 781-6236

## DEFENDANTS
HARTLEY CARLTON, Individually, and d/b/a ONE HOUR CLEANERS, and KAPP, INC., an Illinois Corporation

County of Residence of First Listed Defendant: Macon, IL
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Sec. 2201, 28 U.S.C., Sec 1332 and 1391 (a)
Brief description of cause:
Complaint for Declaratory Judgement

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____  DOCKET NUMBER _____

DATE: 1/31/08
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE